UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT A. MARTINELLI,
   Petitioner,

  v.

ROBERT NEUSCHMID,
   Respondent.

Case No. 19-cv-05461-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. Nos. 2, 4

Robert Martinelli, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was found guilty after a jury trial of residential burglary and attempted carjacking. *People v. Martinelli*, No. A151339, 2018 WL 330130, at *1 (Cal. Ct. App. Jan. 9, 2018). The jury also found that petitioner suffered two prior strike convictions. *Id*. Petitioner was sentenced to a prison term of 25 years to life. *Id*. The California Court of Appeal affirmed the conviction and denied the claims raised in this federal petition. *Id*. The California Supreme Court denied review of these claims. Petition at 3, 34.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred when it denied petitioner's motion for substitute counsel; (2) the trial court erred in denying petitioner's motion to represent himself; and (3) the trial court violated petitioner's right to a fair trial when it ordered his physical restraint in the courtroom. Liberally construed, these claims are sufficient to require a response.[1]

Petitioner has also requested the appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). But 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Petitioner has presented his claims adequately and the issues are not complex. The Court finds that the interests of justice do warrant the appointment of counsel at this time.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**. The motion to appoint counsel (Docket No. 4) is **DENIED** without prejudice.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

---

[1] The Court notes that petitioner previously filed a habeas petition in this Court that was dismissed as unexhausted. It appears that the claims in this petition have been properly exhausted.

3. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 6, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MARTINELLI,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>    Defendant. | Case No. 19-cv-05461-JD<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on September 6, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert A. Martinelli ID: BC-9943
2100 Peabody Rd.
P.O. Box 4000
Vacaville, CA 95696

Dated: September 6, 2019

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By: *[signature]*
                                                LISA R. CLARK, Deputy Clerk to the
                                                Honorable JAMES DONATO